UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| MARTA VELASQUEZ FLORES | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:20-cv-3600-AAQ |
| ELITE COMMERCIAL CLEANING, LLC, et al. | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION AND ORDER**

This is a case arising out of Defendants Elite Commercial Cleaning, LLC, and Ana Lucia Vieira's failure to pay Plaintiff Marta Velasquez Flores minimum and overtime wages as required under Maryland and federal law. Pending before the Court is Ms. Velasquez Flores's Motion for Liquidated Damages. ECF No. 65. For the reasons discussed below, Ms. Velasquez Flores's Motion shall be granted.

**BACKGROUND**

Plaintiff Marta Velasquez Flores worked as a maid for Defendant Elite Commercial Cleaning, LLC ("Elite"), owned and operated by Defendant Ana Lucia Vieira in Montgomery County, Maryland, from around January 15, 2019, to May 21, 2019, and again from October 28, 2019, to March 25, 2020. ECF No. 6, at 2. Ms. Velasquez Flores alleges that during her employment with Elite, Defendants paid her "at varying piece rates per cleaning assignment," *id.*, and did not compensate her for work-related expenses, thereby bringing her effective hourly pay rate below the Montgomery County minimum wage, *id.* at 3. Additionally, Ms. Velasquez Flores alleges that although there were nine weeks of her employment in which she worked more than

forty hours, Defendants did not pay her the overtime rate for the hours above forty that she worked during those weeks. *Id.* Finally, Ms. Velasquez Flores alleges that Defendants did not pay her any wages for the last four weeks of her employment. *Id.*

Ms. Velasquez Flores filed a Complaint in the Circuit Court for Montgomery County, Maryland, which Defendants removed to this Court on December 11, 2020. ECF No. 1. In her Complaint, Ms. Velasquez Flores stated causes of action under the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-413(b), 3-415 (West 2023), Montgomery County Minimum Wage Law, Montgomery County, Md., Code § 27-68 (2024), Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-502. ECF No. 6, at 3–5. From October 30, 2023, through November 2, 2023, this Court presided over a jury trial, during which Ms. Velasquez Flores presented evidence of the hours she worked and the terms and conditions of her employment with Elite. ECF No. 50–53. The jury returned a verdict in favor of Ms. Velasquez Flores on November 3, 2023. ECF No. 63. Specifically, the jury found that Ms. Velasquez Flores was an employee of Defendants, Defendants did not pay Ms. Velasquez Flores overtime wages required by law, and Defendants did not pay Ms. Velasquez Flores the minimum wage required by law. *Id.* at 1. Based on these findings, the jury awarded Ms. Velasquez Flores $3,278.52, the full amount of her unpaid wages. *Id.*; ECF No. 65, at 1. The jury also found that Ms. Velasquez Flores had not proven that Defendants lacked a good faith basis for failing to pay her minimum and overtime wages, and therefore did not award any additional damages.[1] ECF No. 63, at 1–2. On November 16, 2023, Ms. Velasquez Flores filed a Motion for Liquidated Damages, ECF No. 65, and a Motion for

---

[1] If a court finds that an employer withheld an employee's wages in violation of the MWPCL "and not as a result of a bona fide dispute," it may award the employee enhanced damages in "an amount not exceeding [three] times the wage." Md. Code Ann., Lab. & Empl. § 3-507(b)(1).

Attorney's Fees, ECF No. 66.  Defendants did not respond to Ms. Velasquez Flores's Motion for Liquidated Damages, but filed a Response in Opposition to her Motion for Attorney's Fees on January 18, 2024, ECF No. 70, to which Ms. Velasquez Flores replied on January 26, 2024, ECF No. 71.

**STANDARD OF REVIEW**

An employer who violates the minimum wage or overtime provisions of the FLSA or MWHL is liable not only in the amount of the unpaid wages, but also in "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b); *accord* Md. Code Ann., Lab. & Empl. § 3-427(d)(1)(ii).  The award of liquidated damages is mandatory, and a court has discretion to reduce or deny the award only if the employer "shows to the satisfaction of the court" that the conduct leading to its violation of the FLSA or MWHL was "in good faith" and that it had objectively "reasonable grounds for believing" that its conduct was not a violation of the relevant law.  29 U.S.C. § 260; *accord* Md. Code Ann., Lab. & Empl. § 3-427(d)(2); *see, e.g.*, *Carrera v. E.M.D. Sales Inc.*, 75 F.4th 345, 353 (4th Cir. 2023); *Guillen v. Armour Home Improvement, Inc.*, No. DLB-19-2317, 2023 WL 3819295, at *17 (D. Md. June 5, 2023) (applying the same standard to analyze liquidated damages under the FLSA and MWHL).  Fourth Circuit courts have stated that this burden "is a 'substantial' one, and even if [the employer] meets it, liquidated damages still may be awarded at the district court's discretion."  *Carrera*, 75 F.4th at 353 (internal citations omitted) (first quoting *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997); and then citing 29 U.S.C. § 260); *see also, e.g.*, *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 n.5 (2d Cir. 1997) (explaining that "the express language of [29 U.S.C. § 260]" gives district courts discretion to award liquidated damages even when the employer has met its burden).  Thus,

3

"liquidated damages are 'the norm.'" *Carrera*, 75 F.4th at 353 (quoting *Mayhew*, 125 F.3d at 220).

## ANALYSIS

Ms. Velasquez Flores argues that, under the FLSA and MWHL, this Court must award liquidated damages of $3,278.52, the amount of her unpaid wages as determined by the jury. ECF No. 65, at 1, 7. Specifically, Ms. Velasquez Flores claims that Defendants "failed to present any evidence" that their violations of the FLSA and MWHL were in good faith or objectively reasonable. *Id.* at 7. Additionally, Ms. Velasquez Flores argues that the Court, in determining whether Defendants have met their burden, is not bound by the jury's determination with respect to enhanced damages under the MWPCL. *See id.* at 2–5.

The Court agrees that Defendants have not met their burden of establishing that their failure to pay Ms. Velasquez Flores the minimum wage and overtime was in good faith and based on a reasonable belief of compliance with the FLSA and MWHL. "Good faith 'requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them,'" *Braxton v. Jackson*, 782 F. App'x 240, 245 (4th Cir. 2019) (per curiam) (quoting *Reich*, 121 F.3d at 71), and "[c]ourts have consistently held that ignorance of the FLSA's requirements is not a defense to liquidated damages," *Rogers v. Sav. First Mortg., LLC*, 362 F. Supp. 2d 624, 638 (D. Md. 2005). At trial, Defendants argued that Ms. Velasquez Flores was an independent contractor and therefore was exempt from coverage under the FLSA and MWHL. As Ms. Velasquez Flores notes, however, Ms. Vieira "did not make any inquiry or take any other steps to inform herself regarding whether someone in [Ms. Velasquez Flores]'s position could lawfully be treated as an independent contractor." ECF No. 65, at 7. Specifically, at trial, Ms. Vieira testified that she did not consult with the Maryland Department of Labor, United States

Department of Labor, or an employment lawyer as to whether she was correct in classifying her workers as independent contractors, nor did she review any Department of Labor publications on this issue.  *See Reich*, 121 F.3d at 72 (finding lack of good faith where, among other things, defendant made no assertion that "it was relying on the advice of informed counsel").  Further, Defendants have failed to meet their substantial burden by virtue of the fact that they did not file a response to Ms. Velasquez Flores's Motion for Liquidated Damages.  *See, e.g.*, *Butler v. PP&G, Inc.*, No. 20-3084-JRR, 2023 WL 3580374, at *10 (D. Md. May 22, 2023) (recommending award of liquidated damages where defendants "[did] not assert a good faith defense" to plaintiffs' request for liquidated damages and, regardless, there was no evidence that defendants had acted in good faith); *Nolet v. APS Sols., Inc.*, No. GJH-20-70, 2021 WL 4502811, at *6 (D. Md. Sept. 30, 2021) (holding that since defendants had not filed a responsive pleading regarding plaintiffs' request for liquidated damages, they had not met their burden of persuading the court that their violation of the FLSA was in good faith and based on reasonable grounds).

When applying the FLSA and the MWHL, the Court is not bound by the jury's decision not to award enhanced damages under the MWPCL.  First, the jury found only that Ms. Velasquez Flores had not proven the absence of "a good faith basis" for Defendants' failure to pay her minimum and overtime wages. ECF No. 63, at 1–2.  However, the FLSA and MWHL impose the "additional requirement that the employer have reasonable grounds for believing that his conduct complies" with the law before a court can invoke its discretion to reduce or deny liquidated damages.  *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982) (citing *Laffey v. Nw. Airlines, Inc.*, 567 F.2d 429, 464 (D.C. Cir. 1976), *overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).  Second, the FLSA and MWHL place the burden of proof on the employer to show good faith and objective reasonableness, 29 U.S.C. § 260; Md. Code Ann., Lab.

5

& Empl. § 3-427(d)(2); *see also Aguilar v. David E. Harvey Builders, Inc.*, No. GLS-18-03953, 2023 WL 7166312, at *22 (D. Md. Oct. 31, 2023) (explaining that the "employer has the 'plain and substantial burden' to 'persuade [a] court that the failure to obey the statute was both in good faith and predicated upon . . . reasonable grounds'" (alteration in original) (quoting *McCoy v. Transdev Servs., Inc.*, No. DKC 19-2137, 2022 WL 951996, at *14 (D. Md. Mar. 30, 2022))). The jury's finding that Ms. Velasquez Flores did not prove the absence of good faith does not equate to a finding that Defendants proved its presence. Finally, as discussed above, the "express language" of 29 U.S.C. § 260 authorizes a court to award liquidated damages even where the employer has met its burden of showing good faith and objective reasonableness. *Reich*, 121 F.3d at 71 n.5; *see also Lockwood v. Prince George's County*, 58 F. Supp. 2d 651, 658 (D. Md. 1999) ("Even if the Court had found that Defendant ha[d] acted in good faith and with reasonable grounds, however, the Court would not have used its discretion to limit the damages."). As noted above, Defendants have failed to even file a response to Ms. Velasquez Flores's Motion.

For the foregoing reasons, the Court will grant Ms. Velasquez Flores's Motion for Liquidated Damages in the amount of $3,278.52.

## CONCLUSION

For the aforementioned reasons, Ms. Velasquez Flores's Motion for Liquidated Damages, ECF No. 65, is granted. Including the amount previously ordered at ECF No. 55, Judgment is entered in favor of Plaintiff for $6,557.04.

So ordered.

Date:  February 6, 2024                                    /s/
                                                                                    Ajmel A. Quereshi
                                                                                     U.S. Magistrate Judge